OPINION
{¶ 1} Appellant Dwight Norris appeals the decision of the Court of Common Pleas, Ashland County, which ruled in favor of Appellee Ashland County Child Support Enforcement Agency ("ACCSEA") pursuant to a motion filed by the agency to collect support arrearages. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and Diane Norris were married on April 16, 1977. A decree of divorce was filed on October 26, 1977. Because appellant had denied paternity of Diane's expected child, the divorce decree mandated a blood-grouping examination to determine paternity. The child, Kelly, was born February 26, 1978. On July 6, 1978, Diane filed a motion to determine paternity and a motion for child support. On July 31, 1978, trial court issued a judgment entry finding that the child was conceived during the marriage, and again ordered the parties to submit to a blood-grouping examination. The entry further read: "IT IS THE ORDER OF THIS COURT that the Defendant Dwight Norris pay the sum of Twenty Dollars ($20.00) per week, plus poundage, through the Clerk of this Court as temporary child support for said child."
 {¶ 3} The blood test was subsequently performed. The results showed that appellant could not be excluded as the father of the child. On November 20, 1978, a hearing was held to make a final determination of paternity. The trial court found, via a judgment entry dated November 27, 1978, that appellant was the father of the child, Kelly. The parties apparently thereafter lost contact with each other; appellant states in his brief that Diane and Kelly moved for a time to Tennessee.
 {¶ 4} ACCSEA in 1997 referred collection on the case to Maximus, Inc., a state-contracted collection agency. At the beginning of 2001, Maximus began income withholding against appellant's disability benefits. Appellant obtained a mistake of fact hearing in the trial court, but the action was ultimately dismissed by the court as moot on April 10, 2001, after Maximus withdrew its income withholding attempts.
 {¶ 5} On May 21, 2001, ACCSEA filed a motion for judgment on claimed arrearages of over $18,000 owed by appellant. At an evidentiary hearing before the magistrate, appellant appeared and was represented by counsel, ACCSEA called one of its investigators, who testified the total arrearage owed by appellant, absent processing fees, was $18,166. The magistrate issued a decision on August 9, 2001, granting judgment in the amount of $18,166, together with interest. Appellant, utilizing a different attorney, filed an objection to said magistrate's decision on August 23, 2001. Appellant also filed a pro se brief in support of the objection on January 17, 2002. On February 28, 2002, the trial court overruled appellant's objections and adopted the magistrate's decision in full.
 {¶ 6} Appellant filed his notice of appeal on March 27, 2002. His pro se brief fails to set out any Assignments of Error, as required by App.R. 16(A)(3). However, in the interest of justice, we glean the following Assignment of Error from the brief (see Helfrich v. City ofPataskala Planning Zoning (Feb. 22, 2001), Licking App. No. 00CA82):
 {¶ 7} "I. THE TRIAL COURT ERRED IN ENFORCING A CHILD SUPPORT ARREARAGE AGAINST APPELLANT BASED ON THE COURT'S 1978 JUDGMENT ENTRIES ESTABLISHING PATERNITY AND SETTING A SUPPORT OBLIGATION.
 I. {¶ 8} Appellant essentially argues that the trial court erred in recognizing the paternity judgment entry where he allegedly did not see the original paternity test results until 2001, and where the July 31, 1978 entry orders "temporary" child support. We disagree.
 {¶ 9} Appellant recites a number of statutes in support of his argument that he should not owe an arrearage. The first among these are R.C. 3111.21 through R.C. 3111.23. However, this reliance is misplaced, as the aforecited statutes pertain to the modern paternity acknowledgement process, not a direct in-court paternity finding as utilized in 1978. The same conclusion applies to appellant's reliance on3111.28, which addresses rescission of paternity acknowledgements.
 {¶ 10} Appellant also cites R.C. 3111.111 for the proposition that the trial court failed to "cancel" his support obligation at some unnamed point. R.C. 3111.111 directs the issuance of temporary support orders pending the issuance of a determination of the existence or nonexistence of a father and child relationship. However, R.C. 3111.111, a fairly recent addition to the present statutory scheme for paternity establishment, post dates the 1978 action at issue and is not applicable to appellant's paternity entry in the manner he suggests.
 {¶ 11} Appellant next contends that the trial court wrongfully failed to notify him of the original test results within fourteen days, a deadline he incorrectly reads into R.C. 3111.09(B)(4), which again was not in existence in 1978. Finally, appellant directs us to R.C. 3119.88, which provides acceptable reasons for termination of a support order, such as the child's marriage or ceasing of enrollment in high school. If appellant presently seeks to challenge the emancipation or termination date utilized by ACCSEA in calculating the arrearage, we find that issue waived based on appellant's failure to object to the introduction of ACCSEA's documented audit of the case. Tr. at 6. See, e.g., GenesisRespiratory Services, Inc. v. Hall (1994), 99 Ohio App.3d 23,649 N.E.2d 1266. If, on the other hand, appellant is suggesting that R.C. 3119.88 expunges support arrearages upon emancipation, we find no merit in his theory.
 {¶ 12} We emphasize that appellant appeals from the judgment entry overruling his objection to the magistrate's decision ruling upon ACCSEA's motion for judgment on the arrearage. Although appellant testified before the magistrate that he only saw his child once after her birth and that he was of limited means as a disability recipient, the only significant evidence he presented pertaining to the actual arrearage issue was a letter received from the child support authorities in Elizabethton, Tennessee, in which a caseworker opined "* * * as far as I can tell there was no support ever ordered." Defendant's Exhibit 2. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578. Absent a successful challenge to the validity of the 1978 paternity and support orders, we find no error in the trial court's adoption of the ACCSEA arrearage calculation owed by appellant and granting judgment thereon.
 {¶ 13} The Assignment of Error is overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Edwards, J., concur.
Topic: Child Support.